IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK BUCHINE, | § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-17-1345 |
| PHH MORTGAGE CORPORATION, | § § § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This is one of many cases in which homeowners, representing themselves, sue to prevent foreclosure and eviction. In this case, as is often true, the homeowner acknowledges an extended period of failure to pay under the mortgage during continued possession and residence. In this case, as is often true, the homeowner's default is one part of a larger and sad narrative, but the remedies a court can provide are limited by the law that must be applied. This case, like many, is one for which, under established and binding law, this court cannot provide the relief sought.

Mark Buchine, representing himself, sued PHH Mortgage Corporation in small-claims court to try to stop the foreclosure of his home. He also sought damages for breach of contract and for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, the Texas Deceptive Trade Practices Act, TEX. BUS. & COMM. CODE § 17.01 *et seq.*, and Regulation X, 12 C.F.R. § 1024. PHH timely removed to federal court and moved to dismiss the case because the petition failed to state a claim. (Docket Entry Nos. 1, 5). Buchine responded to the motion to dismiss, PHH replied, and Buchine filed a reply to the response. (Docket Entry Nos. 8, 12, and 14). The reply included several exhibits and identified additional factual allegations. The court held a hearing at which it

denied the motion to dismiss, without prejudice, and allowed Buchine to replead to include the facts he relied on to state his claims. Buchine filed an amended complaint, PHH again moved to dismiss for failure to state a claim, and moved to strike the amended complaint. (Docket Entry Nos. 31, 33, and 34).

Because Buchine is representing himself, the court liberally construes the amended complaint as incorporating the factual allegations in Buchine's reply to PHH's earlier motion to dismiss, and the attached exhibits. (Docket Entry No. 14). Even liberally construing the amended complaint and exhibits, they do not present facts that make any of the claims plausible, as needed to survive a motion to dismiss. The motion to dismiss is therefore granted. Because prior attempts at sufficient pleading have failed, and the law forecloses the claims, further repleading would be futile. The dismissal is with prejudice. Final judgment is entered by separate order.

The reasons for these rulings are explained below.

## I. Background

Buchine took a second mortgage on his home in April 2007, borrowing the money from Merrill Lynch Home Equity. He filed for bankruptcy in April 2012. The bankruptcy case was closed in March 2013. In June 2013, Buchine called the loan servicer, PHH, to reaffirm his debt and to arrange to continue making payments on his mortgage. In July 2013, Buchine received a notice of default and intent to accelerate from PHH. (Docket Entry No. 14, Ex. B at p. 30). In August 2013, Buchine received a reinstatement offer, which included charges for attorney's fees and other fees that Buchine disputed. (*Id.* at p. 28). In September 2015, after a period during which Buchine did not make payments, he received a notice of acceleration. (*Id.* at 34). In September 2016, he applied for a "homeowners assistance package" with PHH. (Docket Entry No. 14, Ex. D). In a

2

letter dated October 3, 2016, which Buchine alleges he did not receive until June 15, 2017, PHH informed Buchine that he did not qualify for the homeowners assistance program and that the payments on his mortgage were past due. (Docket Entry No. 14, Ex. H). Buchine remains in default. He has not paid since 2012. (Docket Entry No. 24, at pp. 3, 5).

Buchine alleges that he made three qualified written requests about his mortgage under the Real Estate Settlement and Procedure Act and Regulation X, to which PHH failed to adequately respond. He also alleges that PHH failed to provide him a "proper statement of amounts due and owing," which has caused him damage and which allegedly breached the mortgage contract. (Docket Entry No. 31).

PHH argues that Buchine does not adequately allege facts needed to support his claims. PHH argues that the facts pleaded are not sufficient to support the Real Estate Settlement and Procedures Act claim, and that even if the pleadings are sufficient, the claim fails as a matter of law because: (1) the communications identified in Buchine's complaint are not qualified written requests; (2) PHH responded to one of Buchine's written requests; and (3) Buchine does not allege any actual damages from the claimed violations. PHH also argues that Buchine's claim under Regulation X is conclusory and that § 1024.36 provides no private right of action. PHH argues that the breach-of-contract claim fails because Buchine has not identified the contract section that was breached; he has not alleged that he performed and his own allegations show that he breached; and he has not alleged what PHH did to breach the contract or how Buchine was harmed by that breach. Finally, PHH argues that the Texas Deceptive Trade Practices Act claim fails because Buchine is not a "consumer" and servicing a mortgage is not a "good" covered by the Act.

Each argument and response is analyzed below.

3

## II. The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). If it would be futile, the court should dismiss with prejudice.

**III. Analysis**

  **A. The Real Estate Settlement Procedures Act Claim**

Under the Real Estate Settlement Procedures Act, a loan servicer has a duty to respond to a borrower's inquiries. *See* 12 U.S.C. § 2605(e). If a debt servicer receives a written request that includes the borrower's name, account information, and a sufficiently detailed statement either: (1) explaining the reason for the borrower's belief that the account is in error; or (2) detailing the information the borrower seeks, then the debt servicer must acknowledge receipt within 20 days. 12 U.S.C. § 2605(e)(1). Within 60 days of receiving the request, the debt servicer must provide the borrower with a written response that includes the information requested or explains why that information is unavailable. The debt servicer must also give contact information for an individual who can help the borrower. 12 U.S.C. § 2605(e)(2). To state a claim for a Real Estate Settlement Procedures Act violation, "a plaintiff must allege actual damages resulting from a violation of § 2605." *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1017 (N.D. Tex. 2013).

Buchine alleges that he submitted three qualified written responses to PHH: a letter dated January 23, 2017, (Docket Entry No. 14, Ex. F); a letter dated April 5, 2017, (Docket Entry No. 14, Ex. G); and a phone call placed to PHH on June 17, 2017. Buchine's pleadings show a January 27, 2017 acknowledgment of Buchine's January 23, 2017 letter, and two responses to that letter dated February 7, 2017 and April 14, 2017. (Docket Entry No. 14, Ex. F at pp. 3, 8, 9). In the April 5, 2017 letter, Buchine asked PHH to explain why he was denied a loan modification and to include the values used to calculate the eligibility of his mortgage for modification. (Docket Entry No. 14, Ex. G at p. 5). Buchine's pleadings include an acknowledgment of that letter, providing a phone number to call, but no additional letter in response. (*Id.* at p. 9).

5

Assuming that the January 23, 2017 letter qualifies as a qualified written request, Buchine's claim that PHH violated the Real Estate Settlement Procedures Act fails because PHH acknowledged receipt of that letter and responded to it, twice. The response provided the reason for denying Buchine's loan-modification application and the contact information for the new loan servicer, Bank of America. The April 5, 2017 letter, which Buchine alleges that PHH acknowledged but alleges it did not respond to, requested the same information as, and was a follow-up request to, the January 23, 2017 letter. PHH had already responded to that letter. The third alleged qualified written request was a phone call. It is not a qualified request because it was not in writing.

Finally, Buchine has pleaded no actual damages for the alleged Real Estate Settlement Procedures Act violations. Although Buchine alleges $6,000 in damages, he pleads no facts to support those damages or link them to the alleged violations. He alleges that he had mortgage-payment increases that could have been avoided, (Docket Entry No. 14 at p. 2), but he alleges no facts connecting PHH's alleged failure to respond to those increases.

Because Buchine has not adequately pleaded the Real Estate Settlement Procedures Act claim after repeated opportunities, and because his allegations undermine the claim, further amendment would be futile. The claim is dismissed, with prejudice.

### B. The Regulation X Claim

The amended complaint includes one sentence asserting a claim for a violation of Regulation X, 12 C.F.R. § 1024: "The plaintiff original petition had RESPA claims as well as violation of C.F.R. § 1024.36." (Docket Entry No. 31, at ¶ 22). Section 1024.36 provides an enforcement mechanism for the Real Estate Settlement Procedures Act. Because Buchine fails to

allege a violation of the Real Estate Settlement Procedures Act, there is no violation of Regulation X. The claim arising under Regulation X is also dismissed, with prejudice.

### C. The Breach-of-Contract Claim

Under Texas law, the elements of a breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). The plaintiff must identify both the contract and the provisions the defendant allegedly violated. *See Blakeley v. Boltinghouse*, 2005 WL 1185944, at *5 (S.D. Tex. May 4, 2005). Buchine cites a provision from the deed of trust and alleges damages for emotional distress, but he does not allege how PHH breached the contract, or that he performed. The record shows that he did not perform; he failed to pay under the mortgage for an extended period. The record shows that he has not, and cannot, plead a breach of contract under the governing law. The claim is dismissed, with prejudice.

### D. The Deceptive Trade Practices Act Claim

To bring a Deceptive Trade Practices Act claim, a plaintiff must plead that: he or she is a consumer under the Act; the defendant committed a false, misleading, or deceptive act under § 17.46(b) or engaged in an unconscionable action or course of action under § 17.50(a)(3); and that the acts were a producing cause of actual damages. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 907 (5th Cir. 2002) (citing *Brown v. Bank of Galveston, N.A.*, 963 S.W.2d 511, 513 (Tex. 1998)).

7

To qualify as a consumer under the Act, a plaintiff "must seek or acquire goods or services by lease or purchase." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied) (citing *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 351–52 (Tex. 1987)). Those goods or services must form the basis of the complaint. *Id*. "Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service." *Id*. at 160 (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173–74 (Tex. 1980)). Although money is not a good or service under the Act, "Texas courts have departed from the 'facially simple statement' that a 'pure loan transaction lies outside the DTPA.'" *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013) (quoting *Walker v. FDIC*, 970 F.2d 114, 123 (5th Cir. 1992)). The Act applies to a loan "if the borrower's objective is to use the loan to purchase goods or services." *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp. 2d 176, 195 (S.D. Tex. 2007) (citing *La Sara Grain v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984)).

A mortgagor qualifies as a consumer under the Act if his "primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Miller*, 726 F.3d at 725. A mortgagor challenging how an existing mortgage is serviced is not a "consumer" under the Act "because the basis of [the] claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction." *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 279 (5th Cir. 2014).

A plaintiff must also allege facts that would show that the defendant's deceptive act caused damages. "[I]t is not enough to allege that a defendant committed a 'deceptive trade practice.'" *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 733 (N.D. Tex. 2011). A plaintiff

8

must show that the act was a "producing cause of economic damages or damages for mental anguish." TEX. BUS. & COMM. CODE § 17.50(a). A "producing cause" is a "substantial factor which brings about the injury and without which the injury would not have occurred." *Streber v. Hunter*, 221 F.3d 701, 729 (5th Cir. 2000) (citing *Doe v. Boys Clubs of Greater Dallas*, 907 S.W.2d 472, 481 (Tex. 1995)).

Buchine's claim is about how PHH serviced his existing mortgage. His allegations preclude a claim that he is a "consumer" under the Act. *See Rojas*, 571 F. App'x at 279. The allegations also fail to identify any claim that PHH committed a deceptive act. Buchine alleges no facts that would make the notice of default and pending foreclosure deceptive or show how they were deceptive. Buchine's Deceptive Trade Practices Act claim is dismissed, with prejudice, because attempts to plead adequately have failed and further amendment would be futile. Final judgment is entered by separate order.

## IV. Conclusion

The motion to dismiss, (Docket Entry No. 33), is granted. The claims are dismissed, with prejudice. The motion to strike the amended complaint, (Docket Entry No. 34), is denied as moot.

SIGNED on September 26, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge